# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CMLS MANAGEMENT, INC., | CASE NO. 1:11-cv-01756-AWI-SKO |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED** |
| v. | |
| FRESNO COUNTY SUPERIOR COURT, et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff filed this suit on October 20, 2011, against the Fresno County Superior Court, Judge Donald Franson, and Judge Mark W. Snauffer pursuant to 42 U.S.C. § 1983. (Doc. 2.) For the reasons set forth below, within 10 days from the date of this order Plaintiff is required to SHOW CAUSE why this action should not be dismissed for failure to serve the complaint and for lack of subject matter jurisdiction.

## II. DISCUSSION

**A. No Executed Summonses Have Been Filed**

As of the date of this order, no executed summonses have been filed indicating that service of process has been completed. Federal Rule of Civil Procedure 4(m) requires that "[i]f a defendant

is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The 120-day deadline imposed by Rule 4(m) expires on February 17, 2012. Plaintiff shall show cause why this action should not be dismissed for failure to serve the complaint.

**B.      Subject Matter Jurisdiction**

As this suit names state-court judges as defendants, the complaint indicates a lack of subject matter jurisdiction pursuant to the doctrine of absolute judicial immunity. *See* Fed. Rule. Civ. P. 12(b)(1); *see Snegirev v. Sedwick*, 407 F. Supp. 2d 1093, 1097 (D. Alaska 2006) (dismissing suit against judges for lack of subject matter jurisdiction pursuant to doctrine of judicial immunity). Courts have an independent duty to consider their own subject matter jurisdiction and may, *sua sponte*, dismiss an action over which it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction").

A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Judicial immunity constitutes an immunity from suit for damages, not just from an ultimate assessment of damages. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). In determining whether an act by a judge is a judicial act, the courts consider: (1) the nature and function of the act and not the act itself, ie., whether it is a function normally performed by a judge, and (2) the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *see also Mireles*, 502 U.S. at 11-13 (judge's direction to court officers to forcibly bring a person before him is a function normally performed by judge and taken in aid of judge's jurisdiction over matters before him).

To determine whether a particular act is judicial, courts consider whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events arose directly and

immediately out of a confrontation with the judge in his or her official capacity. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). Ruling on a motion and exercising control over a courtroom are normal judicial functions. *Id.* (judge who denied disability accommodation to litigant was absolutely immune).

There are two general circumstances where judicial immunity is overcome: (1) where a judge's act is not judicial, and (2) when the judge acts in the clear absence of all jurisdiction. *See Mireles*, 502 U.S. at 11; *Hyland v. Wonder*, 117 F.3d 405, 413 n. 1 (9th Cir. 1997), *as amended* 127 F.3d 1135 (9th Cir. 1997). "A judge will not be deprived on immunity because the action he took was in error, was done maliciously, or in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356-57.

As judicial immunity creates an issue regarding the Court's subject matter jurisdiction, Plaintiff must address why this matter should not be dismissed for lack of jurisdiction.

### III.   CONCLUSION AND ORDER

As no executed summonses have been filed and because there is an issue with regard to the Court's subject matter jurisdiction, Plaintiff shall show cause in writing why this case should not be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is ORDERED TO SHOW CAUSE IN WRITING **within 10 days from the date of this order** why this case should not be dismissed for failure to serve the complaint and for a lack of subject matter jurisdiction;
2. The scheduling conference currently set for February 23, 2012, is VACATED; and
3. If Plaintiff fails to respond to the Court's order, dismissal of the complaint will be recommended.

IT IS SO ORDERED.

**Dated:   February 14, 2012**               /s/ Sheila K. Oberto
                                             UNITED STATES MAGISTRATE JUDGE